SALVÁ, PLAINTIFF AND APPELLANT, *v.* RIVERA, DEFENDANT AND APPELLEE.

Appeal from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2665.—Decided November 24, 1922.

UNLAWFUL DETAINER—SEPARATE PROPERTY—COMMUNITY PROPERTY—PRESUMPTION—EVIDENCE.—In order to support an action of unlawful detainer brought by a married woman without the concurrence of her husband with regard to a property which, although acquired during wedlock, is alleged to be her separate property, it is necessary to destroy by strong evidence the presumption that it is community property, particularly when the allegation as to the separate character of the property is controverted by the defendant.

The facts are stated in the opinion.
*Mr. E. Casalduc* for the appellant.
*Mr. J. R. Quiñones* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

This is an action of unlawful detainer appealed from the
First District Court of San Juan.

In the complaint it is alleged that the plaintiff is the
owner of a certain urban property and that the defendant
is in possession of it without any title and without paying
any rent to the said plaintiff.

The defendant answered the complaint by alleging that
she is a co-owner of the property; that she purchased the
house with her separate money and acquired the lot jointly
with Jesús Jiménez, with whom she had lived in concubinage
for eighteen years.

At the second hearing required by the Unlawful Detainer
Act and when the evidence was examined, the defendant
made a motion stating simply that the plaintiff is a married
woman and has no right to bring this action.

The lower court reserved its ruling on the said motion
and on November 7, 1921, rendered judgment dismissing
the complaint.

Not being satisfied with the judgment, the plaintiff has
taken the present appeal.

The appellant has made three assignments of error.

The first and second assignments are that the lower court
erred in entertaining the defendant's said motion and in
considering it as a demurrer to the complaint. The lower
court did not rule on that motion when it was made, but
waited to consider it in connection with the evidence when it
came to rendering judgment. According to the wording of
the judgment appealed from, the lower court did not con-
sider the defendant's motion as a demurrer, nor could it be
so considered, because a demurrer is directed to questions
which appear from the allegations of facts in a complaint
and the question raised by the defendant does not appear
from the complaint. It might be considered rather as a

motion for nonsuit; therefore, the errors which the appellant assigns in connection with that motion were not committed.

The third assignment is that the lower court erred in weighing the evidence.

In the complaint no allegation was made as to the civil status of the plaintiff, but from the evidence it appears that she is married to Juan Díaz and that she acquired the property involved in this case while so married. It is true that in the deed of purchase it is stated plainly that the plaintiff's husband admits that the money invested in the purchase belongs to her separately and not to the conjugal partnership. However, the mere declaration of the husband, without stating the source of the money or including other data to corroborate that declaration, would be only an element of evidence insufficient to establish the separate character of the property, when, as in this case, that character of the property is disputed and the said declaration of the husband is not corroborated by the rest of the evidence produced by the plaintiff.

We find nothing in the oral evidence to supply the insufficiency of the documentary evidence on that point. Three witnesses testified. Jesús Jiménez, the grantor, with whom the defendant lived in concubinage for many years and to whom the defendant refers in her answer, rather attempted to show the origin and manner of his acquisition of the said property, but he also said that he sold the property to Juan Díaz and Julia Salvá. Julia Salvá also testified at the trial, but her statement was only that she had acquired the property as her separate property and said nothing more in relation to that matter. The last witness, José Rodríguez Vélez, testified for the sole purpose of showing how Jesús Jiménez, the grantor, acquired the property. He made no reference to the plaintiff.

We do not see the pertinence of that evidence, for Je-

sús Jiménez is not a party to this action. The evidence as a whole is insufficient and the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.